**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| FRANKIE SHEARRY, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO: 7:24-CV-71 (WLS) |
| | : | 7:19-CR-42 (WLS) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**ORDER**

Before the Court is Petitioner's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) (Doc. 110), filed on October 16, 2025. Therein, Petitioner moves the Court for reconsideration of its previous Order (Doc. 108) accepting and adopting the Recommendation (Doc. 105) of United States Magistrate Judge Alfreda L. Sheppard. Specifically, Petitioner asks the Court to vacate the denial of his Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 101) and grant an evidentiary hearing. For the reasons discussed below, Petitioner's Motion (Doc. 101) is **DENIED**.

## I.    BACKGROUND

On August 15, 2019, Petitioner was charged with one count of Possession of a Firearm by a Convicted Felon. (Doc. 1). Represented by appointed counsel, Petitioner entered into a non-negotiated plea agreement and pleaded guilty to the one-count Indictment on October 28, 2021. (Doc. 79; Doc. 97 at 2). Petitioner was sentenced on March 3, 2022, to 188 months' imprisonment followed by three (3) years of supervised release. (Docs. 84 & 86). The Court determined that Petitioner had four prior convictions for serious drug offenses and imposed an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Petitioner's sentence was affirmed by the Eleventh Circuit Court of Appeals in an order dated May 2, 2023. (Docs. 89 & 98).

Petitioner filed a Motion to Vacate (Doc. 101) on July 22, 2025. Judge Sheppard recommended that the Motion be denied. (Doc. 105). Petitioner failed to file an objection to

1

the Recommendation, despite the Court granting him an extension to do so. (*See* Doc. 107). The Court accepted and adopted Judge Sheppard's Recommendation and denied Petitioner's Motion. (Doc. 108). A Judgment was entered on September 2, 2025. (Doc. 109). Petitioner filed the instant Motion for Reconsideration (Doc. 110) on October 16, 2025.

## II.    **STANDARD OF REVIEW**

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997). "An error is not clear and obvious if the legal issues are at least arguable." *Reid v. BMW of N. Am.*, 464 F. Supp. 2d 1267, 1270 (N.D. Ga. 2006). "A party cannot show clear error or manifest injustice by 'merely reargu[ing] points previously considered and rejected by the Court.'" *Falkner v. Dolgencorp, LLC*, No. 2:19-CV-598, 2020 WL 1345490, at *1 (N.D. Ala. Mar. 23, 2020) (quoting *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007)).

### A.  **Petitioner's Motion**

Petitioner moves for reconsideration under Federal Rule of Civil Procedure 59(e) which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Judgment was entered on September 2, 2025. Therefore, Petitioner's Motion was due on or before Tuesday, September 30, 2025. "Under the mailbox rule, however, a prisoner's pleading is considered filed on the date the prisoner delivers such to prison authorities for filing." *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008). Petitioner's Motion was filed on October 16, 2025, but was delivered to prison officials on October 6, 2025. (*See* Doc. 110 at 3). Thus, even under the prisoner mailbox rule, Petitioner's Motion was late. Although the motion is untimely, in the interest of fairness, the Court will

2

consider Petitioner's arguments raised therein. The Court, however, will not necessarily permit or accommodate future late filings. As with all parties, Petitioner is required to timely meet all deadlines and comply with the Orders of the Court.

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

In his Motion, Petitioner does not point to any intervening change in the law or new and previously unavailable evidence, nor does he argue that a clear error of law exists or that reconsideration is necessary to prevent manifest injustice. Petitioner instead raises many of the same arguments addressed in Judge Sheppard's Recommendation and reviewed by this Court. Specifically, Petitioner contends that his four prior convictions for serious drug offenses should not have been used as predicate offenses for the ACCA enhancement because he received sentences of less than ten years for those offenses. (Doc. 110 at ¶ 8). Petitioner, however, misunderstands the requirements of ACCA. Under the statute, a person is considered an armed career criminal if, at the time of the federal offense, he has "three previous convictions . . . for a violent felony or a serious drug offense[.]" 18 U.S.C. § 924(e)(1). The term "serious drug offense" is defined, in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" *Id.* § 924(e)(2)(A)(ii).

As Judge Sheppard noted in her Recommendation, the ACCA definition does not include any requirements related to prior imprisonment. (Doc. 105 at 7). This means that it does not matter whether Petitioner was sentenced to ten years for the state offenses. Rather, ACCA only requires that the state law under which he was sentenced prescribed a maximum term of imprisonment of ten years or more. § 924(e)(2)(A)(ii). The state statute under which Petitioner was sentenced meets this requirement. *See* O.C.G.A. § 16-13-30.

With regard to Petitioner's remaining arguments, the Court reviewed the Record and the Judge Sheppard's Recommendation and found no clear error. (*See* Doc. 108). Thus, having

already considered and rejected the arguments Petitioner raises, the Court finds, as it did then, that there is no clear error in the United States Magistrate Judge's Recommendation.

## CONCLUSION

In sum, Petitioner's Motion does not provide any basis on which the Court should alter or amend its decision. Thus, the Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) (Doc. 110) is **DENIED**.

**SO ORDERED,** this 12th day of February 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**